RAFAEL ARCE-ROLLET, Plaintiff and Appellee, *v.* SIMONA DEL
CARMEN SOLÁ-LÓPEZ ET AL., Defendants and Appellants.

No. 4237.   Argued June 17, 1927.—Decided June 25, 1927.

*Antonio L. López* for the appellants.   *Arturo Aponte, Jr., Joaquin
Vendrell* and *Rodolfo Ramírez Pabón* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the
court.

Rafael Arce Rollet brought an action against Simona del
Carmen Solá and several other persons in the District Court of
Humacao.   The action is entitled, ''Performance of Contract,
Etc.''   In reality it is an action to recover the fees which
defendant Solá agreed to pay to the plaintiff, a lawyer, for
his services in an action that terminated successfully and
enabled the defendant to recover certain property.   It is
prayed also that certain conveyances of the same property
to the other defendants be declared void as being simulated
and in fraud of the plaintiff.

Defendant Solá demurred to the complaint on the ground,
among others, of misjoinder of actions.

The demurrer was overruled and defendant Solá took the
present appeal and filed a well reasoned brief in support of
her contention.   No brief was submitted by the plaintiff.
None of the parties appeared at the hearing on appeal.

In considering the case we find that this court has no
jurisdiction at present to decide the question at issue.

The order overruling the demurrer was made on the 18th
of last March and granted to the defendants ten days in which
to answer.   The appeal was taken on the same day, the 18th
of March, 1927.   The order of the court was not entered as

a final judgment and no motion to that effect was filed. An appeal is a statutory right and the statutes of Porto Rico do not authorize it in a case like this.

In 1906 this Supreme Court held as follows:

"An order overruling a demurrer is not a final judgment and is not therefore appealable to the Supreme Court.

"Orders overruling demurrers are considered to be excepted to by operation of law, and may be reviewed on appeal taken from the final judgment in the case." *Escalona* v. *Dordal*, 10 P.R.R. 163.

The constant practice in this jurisdiction has been that in order to appeal from rulings on demurrers it is necessary to move for their entry as final judgments and to abide fully by the consequences of such motion and entry.

It seems proper to transcribe the following jurisprudence on the matter taken from Corpus Juris:

"In the absence of special statutory provision to the contrary the general rule is that an order or decree merely overruling or sustaining a demurrer or exception to a pleading, whether of plaintiff or defendant, without further action by the court finally determining the particular suit or proceeding, being a mere interlocutory order ·or decree, is not appealable or subject to writ of error or exceptions, but is reviewable only on appeal, error, or exceptions after final judgment or decree. And the general rule has been applied to orders or decrees sustaining or overruling demurrers to cross bills, petitions, or complaints, to interveners' petitions, and to pleas, answers, or replications, including pleas in abatement or to the jurisdiction, and pleadings setting up a counterclaim or set-off. But an appeal, writ of error or· exceptions, according to the practice, will lie in most jurisdictions to review the action of the court in sustaining or overruling a demurrer to a declaration, complaint, or bill, or to a plea or answer, where the action or proceeding is finally disposed of by the court by dismissing the same or by giving a judgment for either party, or in some jurisdictions where a judgment overruling a demurrer to an answer or defense therein in effect determines the action; and it has been held in some jurisdictions that a judgment overruling or sustaining a demurrer to a declaration or complaint may be final for the purpose of appeal or writ of error, although it does not expressly dismiss the action or render judgment

over, where it is final in effect, or where plaintiff elects to stand on his complaint instead of amending as authorized by statute. And in equity it has been held that an appeal lies from an order or decree overruling a demurrer to the bill where the demurrer goes to the entire bill.'' 3 C.J. 481–4.

The final argument in the appellants' brief is as follows:

''Anticipating the probable objections of the adverse party, we will say in closing that we have taken this appeal on the authority of the case of *Succn. of Benn* v. *Succrs. of C. & J. Fantauzzi*, 33 P.R.R. 734, in which it was held:

''When there is a misjoinder of causes of action and a demurrer on that ground is overruled and the defendant does not appeal from that ruling, such misjoinder becomes a mere defect of form and the law of the case is that the plaintiffs, under such circumstances, may proceed on each cause of action.''

We have examined the record in the case cited and the situation there is completely different. In that case final judgment was rendered for the defendants. The plaintiffs appealed and this Supreme Court reversed the judgment appealed from. The defendants demurred on the ground of misjoinder of actions and the trial court overruled the demurrer, whereupon the defendants answered the complaint and the case was tried and judgment rendered for them as before stated. The defendants who were appellees in the Supreme Court confined themselves to a denial of the grounds of the appeal. The question of misjoinder of actions was not raised by them nor was it discussed in the appeal. This court on its own motion made reference to it.

By virtue of the foregoing the appeal must be dismissed for want of jurisdiction.